UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JENNIFER A., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:24-CV-44-CHB |
| ) | |
| v. ) | |
| ) | |
| MARTIN O'MALLEY, *Commissioner of* ) | **MEMORANDUM OPINION** |
| *Social Security*, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Jennifer A.'s Brief [R. 9]. The Commissioner responded, noting that "[t]he administrative law judge (ALJ) reasonably evaluated Plaintiff's impairments and properly determined her residual functional capacity (RFC). The ALJ also properly concluded that there were other jobs in the national economy that Plaintiff could perform." [R. 11]. No reply was filed. For the reasons that follow, the Court will affirm the decision of the ALJ.

I.   **BACKGROUND**

On March 10, 2022, Claimant Jennifer A. protectively filed an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3) (the "Act"). [R. 8 (Administrative Record) (hereinafter "Administrative Transcript" or "Tr."), p. 21].[1] She alleges disability beginning on March 1, 2013, due to "interstitial cystitis, bladder pain, anxiety, depression, vitamin D deficiency, high cholesterol, hands and feet

---

[1] When referencing the Administrative Record, the Court cites to the page number assigned by the Court's electronic docketing system.

swell (sic), heart problems and memory problems." *Id.* at 83.

Claimant's application was denied initially and upon reconsideration. [Tr. 61–69, 70–79]. At Claimant's request, a hearing was held April 6, 2023 before ALJ Lauren K. Tran ("ALJ Tran"). *Id.* at 21, 33–56. With Claimant's consent, the hearing was held by telephone due to the Coronavirus pandemic. *Id.* ALJ Tran issued an unfavorable decision on May 3, 2023. *Id.* at 18–36. The Appeals Council did not review the decision, making the ALJ's decision final. *Id.* at 5–10.

In making her determination, ALJ Tran applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim. 20 C.F.R. § 404.1520; *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010) In summary, the evaluation process proceeds as follows:

1. Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

2. Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

3. Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

4. Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Jordan*, 548 F.3d at 423; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

First, ALJ Tran found Claimant did not engage in substantial gainful activity at any point since March 10, 2022, Claimant's application date. *Id.* at 23. Second, she found Claimant has the severe impairments of interstitial cystitis with bladder control issues, hypertension, anxiety, and depression. *Id.* Third, ALJ Tran found that none of Claimant's impairments or combination of impairments meet or medically equal the severity of a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App'x 1. *Id.* at 25–27. ALJ Tran then determined Claimant has the residual functional capacity ("RFC") to perform "medium work" as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), with the following limitations:

> she cannot climb ladders, ropes, or scaffolds and should not be exposed to workplace hazards like unprotected heights or moving mechanical parts. Mentally, she can tolerate occasional interaction with coworkers, supervisors, and the public.

*Id.* at 27–30. Fourth, ALJ Tran found Claimant has no past relevant work. *Id.* at 30. Fifth and finally, considering Claimant's age, education, work experience, and RFC, ALJ Tran determined there are jobs that exist in significant numbers in the national economy that Claimant can perform. *Id.* at 31.

Based on this evaluation, ALJ Tran concluded that Claimant was not disabled, as defined in the Social Security Act, at any point since her application date through the date of the decision. *Id*. Claimant sought administrative review of the decision, and the Appeals Council declined

3

review on March 12, 2024. *Id.* at 5. At that point, ALJ Tran's decision became the final decision of the Commissioner, and Claimant sought judicial review from this Court on March 27, 2024. [R. 1].

## II. LEGAL STANDARD

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## III. ANALYSIS

Claimant raises challenges to several findings in ALJ Tran's decision. First, Claimant argues that ALJ Tran failed to properly address her subjective complaints in determining her residual functional capacity, to properly consider her limitations with "standing, walking, lifting, carrying, [and] pushing," and to engage in a function-by-function analysis of her "abilities." [R. 9, pp. 2–4]. Claimant also alleges that ALJ Tran erred in not explaining how Claimant's sister's statement and testimony, which corroborated Claimant's subjective complaints, were inconsistent with the medical evidence. *Id.* at 3. Finally, Claimant argues that the ALJ erred at step five of her disability determination because ALJ Tran did not properly consider the answers given by the

4

Vocational Expert. *Id.* at 4–5. In response, the Commissioner argues that many of the objections are "impermissible," since the claimant "is asking this Court to reweigh her hearing testimony." [R. 11, p. 4]. The Commissioner responds that, in any event, there is substantial evidence to support the ALJ's findings at each step. *Id.* at 1–10. Claimant did not file a reply.

### A. RFC Determination

Most of Claimant's arguments are related to ALJ Tran's RFC determination. First, Claimant alleges that ALJ Tran did not properly consider her subjective complaints about her symptoms or explain how those complaints were inconsistent with the medical evidence. [R. 9, pp. 2–4]. Claimant also argues that ALJ Tran erred in not finding that her ability to "stand[ ], walk[ ], lift[ ], carry[ ], [and] push[ ]" posed a greater limitation to her RFC. *Id.* at 4. Claimant then alleges that ALJ Tran did not conduct a function-by-function analysis of her abilities. *Id.* In her last argument about ALJ Tran's RFC determination, Claimant argues that ALJ Tran did not explain how Claimant's sister's third-party statement, which largely tracked the subjective complaints raised by Claimant, was inconsistent with the medical evidence. *Id.* at 3.

The Court acknowledges the Commissioner's argument that many of Claimant's allegations concern "reweigh[ing] her hearing testimony." [R. 11, p. 4]. As addressed above, the Court's review does not include "resolv[ing] conflicts in the evidence" or "decid[ing] questions of credibility. *Cutlip*, 25 F.3d at 286. While certain arguments put forward by Claimant toe the line of asking the Court to reconsider the ALJ's credibility and evidentiary determinations, the Court still considers all of Claimant's arguments and finds that all of her arguments fail on the merits.

#### i. Claimant's Subjective Complaints

Claimant argues that ALJ Tran provided no "citation as to how the [ ] statements by the claimant and [her sister] [about Claimant's symptoms] were inconsistent with the medical

5

evidence of record and the opinion evidence of the consultative examiner." [R. 9, p. 3]. Claimant states that her testimony during the hearing corroborates her disability; in particular, Claimant references her pain levels, need for a heating pad, side effects from medication, urination frequency, and need for assistance to do household chores and lift heavy objects. *Id.* at 2–3. Claimant further argues that the ALJ erred in determining that Claimant's descriptions of her symptoms were "not credible" and that the ALJ's finding that an implant alleviated some of Claimant's symptoms is no longer evidence to support her symptom improvement since Claimant has now had the implant removed. *Id.*

In evaluating the claimant's subjective complaints, the ALJ considers objective medical evidence, as well as other non-exhaustive factors, such as evidence of daily activities, the frequency and intensity of pain, medication taken and any resulting side effects, and any other measures taken to alleviate the pain. *See* 20 C.F.R. §§ 404.1529(c)(2)–(3), 416.929(c)(2)–(3).[2] A

---

[2] 20 C.F.R. § 404.1529(c) states:
> Evaluating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity for work . . .
> (2) Consideration of objective medical evidence. Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption. Objective medical evidence of this type is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work. We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.
> (3) Consideration of other evidence. Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms. The information that your medical sources or nonmedical sources provide about your pain or other symptoms (e.g., what may precipitate or aggravate your symptoms, what medications, treatments or other methods you use to alleviate them, and how the symptoms may affect your pattern of daily living) is also an important indicator of the intensity and persistence of your symptoms. Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions that your medical sources or nonmedical sources report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled. We will consider all of the evidence presented, including information about your prior work record, your statements

6

claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled. *See* 20 C.F.R. § 404.1529(a); *Walters*, 127 F.3d at 531; *Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The Sixth Circuit's guidelines for evaluating a claimant's subjective assertions of disabling pain are set forth in *Duncan*:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d at 853. Still, "[e]ven when the record contains [medical evidence establishing one of the guidelines], the ALJ may also consider the credibility of the claimant's subjective complaints." *Steagall v. Comm'r of Soc. Sec.*, 596 F. App'x 377, 381 (6th Cir. 2015). And if the ALJ determines that the subjective complaints are not consistent with the objective medical evidence, he may "discount a claimant's credibility." *Id.* Further, "great weight" is afforded to the ALJ's credibility determination. *Id.* (quoting *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007)).

Based on the evaluation, and upon independent review of the record as a whole, the Court finds that substantial evidence supports ALJ Tran's assessment of Claimant's subjective

---

about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons. Section 404.1520c explains in detail how we consider medical opinions and prior administrative medical findings about the nature and severity of your impairment(s) and any related symptoms, such as pain. Factors relevant to your symptoms, such as pain, which we will consider include:
    (i) Your daily activities;
    (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii) Precipitating and aggravating factors;
    (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
    (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
    (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
    (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

complaints generally. Although, as Claimant notes in her brief, she reported her symptoms to medical personnel and to the ALJ during her hearing, her statements concerning pain, taken alone, are not enough to show that she is disabled. [R. 9, pp. 2–3]; *see* 20 C.F.R. § 404.1529(a); *Walters*, 127 F.3d at 530; *Duncan*, 801 F.2d at 853. Here, ALJ Tran found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." [Tr. 28]. In particular, the ALJ determined that "[t]he medical record lends little support to grave allegations of a devastatingly sedentary and withdrawn existence, or any degree of disabling mental and physical symptoms." *Id.*

The ALJ does not have to discuss each individual factor listed in 20 C.F.R. § 404.1529(c) and how it comports with the record evidence. *Karen F. v. Comm'r of Social Sec.*, No. 2:22-cv-2951, 2023 WL 3740784, at *4 (S.D. Ohio May 31, 2023). ALJ Tran complied with the regulations by considering the record, and not just Claimant's subjective complaints or cherry-picked medical findings, in fashioning Claimant's RFC. ALJ Tran comprehensively considered the objective medical evidence concerning all of Claimant's medical issues, [Tr. 25–30], Claimant's treatment history, the opinion evidence, and Claimant's own hearing testimony and cited to the corresponding evidence. [Tr. 21–32, 335–61, 528–98, 736–39, 750–80]; *see* [Tr. 191–98, 210–17, 221–27, 808–19].

In addition, ALJ Tran considered the claimant's daily activities in forming the RFC. ALJ Tran noted that the claimant has a "largely independent lifestyle as the stay-at-home mom of minor children, to include personal care/hygiene; driving; shopping; basic money management; and doing typical household chores." *Id.* at 25–27 (internal quotation marks omitted). When evaluating

8

the objective medical evidence for consistency with the ability to engage in these activities, the ALJ considered the Claimant's own statements during her hearing that "affirmed . . . the claimant takes no related medication and has required no subsequent specialist intervention." *Id.* at 29.

Further, regarding Claimant's own statements about her interstitial cystitis, the ALJ found that, based on the objective medical evidence,

> [w]hile records reflect increased reporting of urinary burning and frequency prior to alleged onset, there is nothing remotely corroborative of the acute, non-stop symptoms that compel her to the bathroom 50 times a day, or even any mention that she was relegated to use of protective undergarments.

*Id.* at 28. Indeed, a review of the entire record reveals that Claimant was diagnosed with overactive bladder and urge incontinence, but she saw periods of improvement with treatment, including the InterStim implant, *id.* at 613, 615–19 (noting that incontinence was resolved); moreover, there is no mention in the record, as the ALJ stated, that Claimant must make fifty daily trips to the bathroom or of a need for menstrual pads. *Id.* at 28.

Thus, after carefully considering the entire record in this case, ALJ Tran reasonably concluded that the objective medical evidence, treatment history, and Claimant's testimony, failed to corroborate Claimant's allegations of disabling impairments.

Next, Claimant argues that ALJ Tran's RFC analysis "did not appropriately identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." [R. 9, p. 3]. Specifically, Claimant argues that the "ALJ did not adequately recognize the limitations across the required physical and mental categories, including . . . that the limiting physical abilities of standing, walking, lifting, carrying, pushing, etc., are so reduced as to prevent any work." [R. 9, p. 4]. The Claimant appears to be alleging that the ALJ did not comport with SSR 96-8p. SSR 96-8p states that an ALJ's assessment of a claimant's RFC "must include a narrative discussion describing how the evidence supports each

9

conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 61 Fed. Reg. 34474, 34478 (July 2, 1996). It requires an ALJ's RFC finding to address in a function-by-function evaluation both the exertional and nonexertional capabilities of an individual. *Id.* at 34476–77. Exertional limitations relate to an individual's ability to sit, stand, walk, lift, carry, push, and pull. *Id.* at 34477. Nonexertional limitations relate to an individual's potential postural, manipulative, visual, communicative, and mental limitations and ability to tolerate various environmental factors. *Id.* However, "case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (per curiam); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 729 (6th Cir. 2013).

Here, ALJ Tran stated that she "carefully" considered "the entire record" to determine Claimant's RFC, including "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929 and SSR 16-3p." [Tr. 27]. Moreover, the ALJ exhaustively reviewed the medical evidence and nonmedical evidence. *See id.* at 21–26. Regarding Claimant's claim that the ALJ did not recognize the limitations on "standing, walking, lifting, carrying, [and] pushing," [R. 9, p. 3], the record illustrates that ALJ Tran did consider these limitations and even afforded Claimant a greater restriction than that proposed by the "State agency's physical functional assessment" by "complet[ely] precluding extreme climbing (versus frequent) and exposure to hazards (versus avoid even moderate exposure), thereby giving tenuous physical allegations of chronic pain, weakness, and fatigue maximum plausible benefit of the doubt in view of generally unsupportive medical evidence." [Tr. 30 (internal quotation marks omitted)]. Claimant argues that the limitations on "standing, walking, lifting, carrying, [and] pushing" are

10

"so reduced as to prevent any work," but the ALJ reached a different conclusion about the limitations and found that only further restrictions on "climbing and exposure to hazards" were warranted, based on the objective medical evidence. [R. 9, p. 3]; [Tr. 29]. ALJ Tran specifically evaluated Claimant's symptoms associated with her bladder pain and high blood pressure and found that those symptoms limited her to medium work:

> [E]stablished and successful pharmacological regulation of blood pressure, as well as the effective lack of significant bladder complaints following surgery in early 2022, refutes greater exertional accommodation than a reduction to medium work. Moreover, the undersigned has completely prohibited extreme climbing and exposure to hazards in order to preclude any related abdominal strain or jeopardy from reported hypertensive symptoms like dizziness, though certainly these limitations accord the claimant considerable benefit of the doubt given the generally unsupportive objective record.

[Tr. 29]. Additionally, ALJ Tran accounted for any of Claimant's mental impairments by stating:

> Consequently, any mental impairment might reasonably be classified "non-severe" given the lack of apparent, or at least significant, limitations for comprehension, interacting with others, concentration, and adaptability (as more thoroughly discussed under analysis of the paragraph B criteria above). Therefore, recognition of a "moderate" limitation for socialization, with proportionate accommodation for "occasional" workplace interactions across-the-board (supervisors, coworkers, and public), affords the claimant considerable benefit of the doubt given the general lack of related problems throughout the record.

*Id.* at 29–30. Claimant has pointed to a disagreement with the ALJ but has put forward no evidence to show that ALJ Tran did not consider all of her limitations in fashioning the RFC. For this reason, the Court finds that Claimant has failed to satisfy her burden, and ALJ Tran's explanation of her evaluation of symptoms did comport with SSR 96-8p and is supported by substantial evidence.

Finally, Claimant argues that the ALJ's reliance on the InterStim implant as evidence that her symptoms were improving is misplaced now that she has had it removed. [R. 9, p. 3]. This issue was raised in a single sentence and cites to no applicable caselaw to support her assertion. It is well settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at

11

developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) (observing that "[w]e consider issues not fully developed and argued to be waived"). Nevertheless, the Court finds that judicial review of an ALJ's determination "is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 685 (6th Cir. 1992); *see Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003); *Hall v. Colvin*, No. 7:13-CV-112-EBA, 2015 WL 893461, at *6 (E.D. Ky. Mar. 2, 2015). This means that "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt*, 974 F.2d at 685. Moreover, as the Commissioner pointed out, Claimant chose not to supplement the record with medical evidence showing any contemplation of removing, and the ultimate removal of, her InterStim implant. [R. 11, p. 6]. The Court also notes that the claimant has not put forward any evidence to show why the ALJ was wrong to consider the implant in use at the time of the decision. A claimant carries the burden until step 5 of a disability determination, and Claimant has not submitted any objective medical evidence—outside of her subjective complaints—to show that there were problems with the InterStim implant. Therefore, the Court finds that there is substantial evidence to support the ALJ's determination of Claimant's RFC.

### ii.     Sister's Third-party Statement

The claimant next objects to ALJ Tran's evaluation of the third-party statement submitted by Claimant's sister. [Tr. 221–27]. The claimant argues that the ALJ did not explain how the sister's statement and testimony were not consistent with the medical evidence and that "the testimony of her sister . . . corroborated and supported independently the allegations made by

12

[Claimant] as to the seriousness of her limited abilities in daily living." [R. 9, p. 3]. The Commissioner responded by claiming that the ALJ did consider Claimant's sister's testimony. [R. 11, pp. 4–5]. Again, Claimant failed to file a reply.

An ALJ's determination regarding the credibility of a third-party report must be supported by substantial evidence. *See Thompson v. Saul*, No. 5:20-CV-2-MAS, 2021 WL 895624, at *6 (E.D. Ky. Mar. 9, 2021). The ALJ is "not required to articulate how [she] considered evidence from nonmedical sources," as she must do for medical evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

It is clear that ALJ Tran considered the sister's third party report, and she specifically mentioned the report in her decision, writing that

> the undersigned is thoroughly familiar with the 3rd party statement of the claimant's sister. . . . Inasmuch as the claimant's sibling describes what she knows about her activities, the undersigned finds [the sister]'s statement somewhat persuasive to the extent consistent with the objective treatment record. However, descriptions of acute or patently disabling symptoms and limitations suffer the same clear lack of support from the objective record as the claimant's underlying allegations. Moreover, to the extent the claimant's sister opines what she is capable of doing, the undersigned does not find her statement persuasive because the reporter is not a medical professional trained to make such assessments.

[Tr. 30]. In particular, ALJ Tran determined that some parts of the sister's statement constituted a medical assessment, which the ALJ correctly noted that she must not consider as medical opinion evidence. *Id.* Moreover, ALJ Tran found that the sister's hearing testimony regarding Claimant's symptoms of urinary incontinence and inability to complete certain tasks were not consistent with the medical record, for much the same reason as the ALJ determined with Claimant's subjective complaints. [Tr. 30]; *see supra* Section III.A.i. Claimant may disagree with how ALJ Tran considered the sister's third-party statement, but the Court finds that there is substantial evidence to support ALJ Tran's decision regarding the persuasiveness of the statement.

13

### B.    Vocational Evidence

Claimant's final objection concerns the hypothetical questions presented to the Vocational Expert at Step 5. Claimant devotes a single sentence to explain her argument, stating that "[t]he ALJ failed in recognizing that there are no jobs available in the national economy in which [Claimant] is employable as someone needing to take unscheduled breaks and miss work for medical appointments or due to fatigue / pain." [R. 9, pp. 4–5]. The Commissioner responds that, "because [Claimant] has failed to present any evidence that corroborates the above-referenced limitations, the ALJ was not required to adopt the vocational expert's testimony." [R. 11, p. 8 (internal citations omitted)]. Claimant failed to reply to this argument.

Step 5 requires that an ALJ, considering Claimant's age, education, work experience, and RFC, determine whether there are jobs that exist in significant numbers in the national economy that Claimant can perform. 20 C.F.R. §§ 404.1520(a)(4); *Katrina E. v. Comm'r of Soc. Sec.*, No. 3:21-CV-565-CHL, 2023 WL 2653389, at *14 (W.D. Ky. Mar. 27, 2023). At this stage, the burden shifts to the Commissioner. *Katrina E.*, 2023 WL 2653389, at *14; *Jordan*, 548 F.3d at 423. "The Commissioner may meet this burden by relying on expert vocational testimony received during the hearing to determine what jobs exist in significant numbers in the economy that the claimant can perform considering the combination of his or her limitations." *Katrina E.*, 2023 WL 2653389, at *14. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). "Hypothetical questions, however, need only incorporate those limitations which the ALJ has accepted as credible." *Parks v. Social Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d

14

1230, 1235 (6th Cir.1993)). Further, "the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations. That does not mean that the vocational expert's answer about the hypothetical individual binds the ALJ." *Kessans v. Comm'r of Soc. Sec.*, 768 Fed. App'x 531, 536 (6th Cir. 2019) (internal citations omitted). "[T]o hold otherwise would effectively eliminate the ALJ's ability to ask any questions about a hypothetical individual unless he had identified the exact contours of the claimant's disability by the time of the hearing." *Id.*

Here, Claimant asserts that the ALJ did not account for the Vocational Expert's answers in making her disability determination. [R. 9, pp. 4–5]. However, the ALJ is not required to incorporate the Vocational Expert's answers to hypothetical questions posed during the hearing if those answers do not relate to a claimant's ultimate limitations. *Kessans*, 768 Fed. App'x at 536. ALJ Tran asked the Vocational Expert:

> [s]o, again, if someone is either going to be off task for more than 15 percent of the time, absent from work two or more times per month or need an extra hour of unscheduled breaks per day, all of these on an average basis, would any of these restrictions foreclose gainful employment irrespective of the other considerations?

[Tr. 57–58]. The Vocational Expert responded in the affirmative. *Id.* at 58. Claimant points to her own statements about urination frequency and an inability to sit and stand for long periods of time as evidence to support this question, and as evidence that the ALJ should have found that no jobs existed in the national economy that Claimant could perform. [R. 9, pp. 4–5]. But, as stated above, ALJ Tran determined that these subjective complaints were not consistent with the objective medical evidence. *See supra* Section III.A.i.; *Kessans*, 768 Fed. App'x at 536. As a result, ALJ Tran did not need to incorporate these complaints into her disability determination.

It is clear that the ALJ considered the Vocational Expert's testimony, as the ALJ's decision noted,

15

> [t]o determine the extent to which these limitations erode the unskilled medium occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative medium unskilled occupations such as linen room attendant (DOT 222.387-030), for which there are 47,000 jobs in the national economy; laundry labourer (DOT 361.685-018), for which there are 10,000 jobs in the national economy; and marker (DOT 369.687-026), for which there are 11,000 jobs in the national economy.

[Tr. 31]. Moreover, in this finding, ALJ Tran clearly incorporated the limitations on "climbing and exposure to hazards" from the RFC. [Tr. 29]. ALJ Tran was not required to incorporate limitations that she determined were not credible, such as the need for Claimant to use the restroom up to fifty times per day and wear menstrual pads. The Court finds substantial evidence to support the ALJ's questions presented to the Vocational Expert and that she fully considered those answers when making her decision on Claimant's claim.

As a closing note, an ALJ's decision may be supported by substantial evidence "even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). While there might be evidence in the record that could support a contrary conclusion, it is clear ALJ Tran thoroughly considered all evidence of record, and the Court finds no error in her decision.

### IV.    CONCLUSION

For all these reasons, the Court will affirm the Commissioner's decision.

**IT IS THEREFORE ORDERED** as follows:

1. The final decision of the Commissioner is **AFFIRMED**.

2. A separate Judgment will be entered consistent with this Order.

This the 1st day of November, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

Copies:	Counsel of Record